CHRISTINA ECKHARDT, ALIAS NANNETTE ECKHARD, ALIAS NANNETTE BOLENIUS, PLAINTIFF IN ERROR, *v.* THE PEOPLE OF THE STATE OF NEW YORK. DEFENDANTS IN ERROR.

*Indictment—what degree of precision and certainty is required therein—meaning of "pregnant woman."*

Section 11 of 3 R. S. (6 ed.), 932, provides that "every person who shall administer to *any pregnant woman*, or prescribe for any such woman . . . any medicine . . . or shall use or employ any instrument or other means whatever, with intent thereby to procure the miscarriage of any such woman, shall, upon conviction, be punished," &c.

*Held*, that an indictment thereunder was not rendered insufficient by the substitution therein of the words "a woman with child" for the words "pregnant woman."

WRIT OF ERROR to the Court of General Sessions of the city and county of New York, to review the conviction and sentence of the relator, for an attempt to commit an abortion.

*William F. Kintzing*, for the plaintiff in error.

*Daniel G. Rollins*, assistant district attorney, for the people.

Barrett, J.:

The plaintiff in error was convicted of the crime of using and employing a certain instrument upon the body and womb of Minnie Pape, with intent thereby to procure a miscarriage; in common parlance, an attempt to commit an abortion. The indictment was framed under the following provision of the Revised Statutes (3 R. S., 6 ed., 933, § 11):

"Sec. 11. Every person who shall administer to any pregnant woman, or prescribe for any such woman, or advise or procure any such woman to take any medicine, drug, substance or thing whatever, or manufacture, advertise or sell any such medicine, drug, substance or thing whatever, or shall use or employ any instrument or other means whatever, with intent thereby to procure the miscarriage of any such woman shall, upon conviction, be punished by imprisonment in the county jail or in a State prison not less than one, nor more than three years, in the discretion of the court."

The case comes before us upon the judgment record alone, and the only objection which is made to the indictment is the use therein by the pleader of the words, "*a woman with child*," instead of the words, "*pregnant woman.*" The pleader is bound to state all the facts and circumstances necessary to bring the act charged as an offense within the statute, but he need do no more. For instance, he is not bound to follow the exact phraseology of the statute. He may, if he chooses, use words which are equivalent thereto in meaning. (1 Bish. Cr. Pr., 2 ed., § 612.) It is sufficient if he employ so many of the substantial words of the statute as to enable the court to see on what statute it is framed, and beyond this use all other words which are essential to a complete description of the offense. (Id.) Applying these rules, in connection with the statute of jeofails, to the present indictment, and there can be no reasonable doubt as to its sufficiency, especially after verdict and judgment herein. The words, "a woman with child," in their immediate connection and surroundings in this indictment, are plainly the equivalent of the words, "pregnant woman," and cannot well be misunderstood. The lexicographers, Webster and Worcester, agree in placing the expression "to be with child" in the same category with "to be pregnant." Webster defines the adjective "preg-

nant" as "being with young, as a female, great with child;" the noun, as "*one who is pregnant or with child.*" The latter expression is not only in common use as synonymous with pregnant, but is thus frequently to be found in the writings of some of the most distinguished of English authors. The suggestion that it might. possibly be taken in the sense of "a woman accompanied by a child" is strained and far-fetched, and such a construction is repugnant to reason and common sense.

We agree with the learned counsel for the plaintiff in error that there must be a degree of certainty and precision in an indictment, and we think that that degree has been attained in the present instance. But we cannot agree to the hypercritical application of the principle involved in the inapt analogies and grotesque illustrations, with which the claim of ambiguity is pressed upon us. In our judgment there is no ambiguity in an allegation the substance of which, as tersely put by the learned assistant district attorney, is "that with intent to procure the miscarriage of a woman with child, one feloniously assaulted her and willfully inserted an instrument into her womb and body."

The judgment should be affirmed.

DAVIS, P. J., concurred; BRADY, J., concurred in the result.

Judgment affirmed.